**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-18-145 |
| | * | |
| GERALD DAWAYNE MARSHALL, | | |
| | * | |
| Defendant. | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION AND ORDER**

Defendant Gerald Marshall is currently detained at the D.C. Jail Complex pending sentencing after he pleaded guilty to conspiracy to engage in sex trafficking of a minor. ECF No. 58. Pending before the Court is Mr. Marshall's Motion for Release Pending Sentencing. ECF No. 101. No hearing is necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons that follow, Mr. Marshall's Motion is denied.

**I.    BACKGROUND**

On February 23, 2018, a Criminal Complaint was filed charging Mr. Marshall with sex trafficking of minors in violation of 18 U.S.C. § 1591. ECF No. 1. Defendant was arrested on March 7, 2018. ECF No. 29. Following an initial appearance that day, United States Magistrate Judge Thomas M. DiGirolamo ordered Defendant temporarily held pending a detention hearing. ECF No. 7. Following the hearing, held on March 12, 2018, United States Magistrate Judge Gina L. Simms issued an Order of Detention Pending Trial. ECF No. 16. Judge Simms found that the Government had proven by clear and convincing evidence that no conditions of release would reasonably assure the safety of any other person or the community. *Id.* at 2. Judge Simms further

1

found that the weight of the evidence against Defendant was strong, that the period of

incarceration for a conviction was lengthy, that Defendant had a prior criminal history, including

arrests while on release and attempts to evade law enforcement, and that he had a history of

alcohol or substance abuse and a lack of stable employment. *Id.* at 2–3.

On March 14, 2018, an Indictment was filed charging Mr. Marshall and a codefendant

with two counts of sex trafficking of a minor. ECF No. 25. Defendant pleaded not guilty to both

counts at an arraignment before Judge Simms on April 2, 2018. ECF No. 34. On December 10,

2018, a Superseding Information was filed charging Defendant with one count of conspiracy to

engage in sex trafficking of a minor in violation of 18 U.S.C. § 1594(c). ECF No. 53. On

December 12, 2018, Mr. Marshall entered a plea agreement with the Government, ECF No. 58,

and pleaded guilty to the charge before this Court, ECF No. 57.

The plea agreement's Stipulation of Facts indicates that in or about January 2018, Mr.

Marshall and his coconspirator, Sean Dean, knowingly conspired to recruit two girls under the

age of 18 and one woman to engage in commercial sex acts under the direction of Dean. ECF

No. 58-1 at 1. Defendant rented hotel rooms in Timonium and Laurel, Maryland to be used for

the sex acts and, with Dean, transported the woman and girls to and between the hotels, where

they stayed for multiple days. *Id.* At Dean's direction, the woman and girls posted listings with

photographs on Backpage.com to advertise themselves for commercial sex acts, met with

multiple customers per day, and shared a portion of the proceeds with Dean. *Id.* On January 11,

2018, law enforcement located the girls and woman at a hotel in Laurel, Maryland after

responding to a complaint about the smell of marijuana coming from two rooms that Defendant

had rented. *Id.* at 1–2.

The plea agreement states that the maximum prison term for Defendant's offense of conviction is life. ECF No. 58 at 2. A sentencing hearing for Mr. Marshall was scheduled for April 28, 2020 but was postponed to an undetermined future date pursuant to the District Court's Standing Order 2020-07.[1] On May 1, 2020, Mr. Marshall filed the pending Motion for Release Pending Sentencing. ECF No. 101. The Government filed a Response in opposition on May 11, 2020. ECF No. 104.

## II.    DISCUSSION

Mr. Marshall's Motion asks the Court to grant him presentencing release in light of the danger posed by the COVID-19 pandemic to individuals who are incarcerated. ECF No. 104. The Motion focuses in large part on conditions at the D.C. Jail Complex, in part as found by Judge Kollar-Kotelly of the U.S. District Court for the District of Columbia in a Memorandum Opinion issued in the matter *Banks v. Booth*, No. 20-cv-00849 CKK, 2020 WL 1914896 (D.D.C. Apr. 19, 2020). *See id.* at 3–7. While Mr. Marshall notes that remedial measures have been taken at the facility as a result of Judge Kollar-Kotelly's ruling, which entered injunctive relief requiring that such measures be put in place, he argues that they are inadequate to protect him from infection if he remains at the D.C. Jail. *Id.* at 8.

Beyond informing the Court that he has no medical conditions that render him particularly vulnerable to serious complications from COVID-19, Mr. Marshall engages in little individualized analysis of his circumstances under the provisions of the Bail Reform Act, 18 U.S.C. §§ 3141 *et seq.*, that govern confinement in advance of sentencing. *Id.* at 8. He simply

---

[1] Standing Order 2020-07 addresses the District of Maryland's operations under the exigent circumstances created by the COVID-19 pandemic, for which the Governor of the State of Maryland has declared a state of emergency and the Centers for Disease Control and Prevention and other public health authorities have advised taking precautions to reduce the possibility of exposure to the virus and to slow the spread of the disease. The Standing Order postpones all court proceedings originally scheduled to take place before June 5, 2020 until further Order of the Court.

argues that the risk of keeping him detained is greater than the risk of releasing him because he is more likely to contract the virus if incarcerated and will consume scarce public medical resources at a hospital if he is infected and develops complications. *Id.* at 7–8.

The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic," *United States v. Martin*, No. PWG-19-140-14, ECF No. 209 at 4 (D. Md. Mar. 17, 2020), and its effect on virtually every sector of public life, *see United States v. Williams*, No. PWG-13-544, ECF No. 94 at 3 (D. Md. Mar. 24, 2020). It is a rapidly evolving event about which the Court is continually learning as much information as possible. *See United States v. Gibson-Bey*, No. RDB-19-563, ECF No. 26 at 3 (D. Md. Mar. 31, 2020). While the Court does not take lightly the seriousness of the pandemic, particularly for individuals who are incarcerated, the Court is still guided by the Bail Reform Act in determining whether to release an individual who has been convicted of an offense and is awaiting sentencing.

Mr. Marshall's Motion requests release pursuant to 18 U.S.C. § 3143(a)(2) and 18 U.S.C. § 3145(c). § 3143(a)(2)(A) states that a person awaiting sentencing for certain crimes identified at 18 U.S.C. § 3142(f)(1)(A)-(C) "shall" be detained unless the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the government has recommended that no sentence of imprisonment be imposed. 18 U.S.C. § 3143(a)(2). Even if one of those two conditions is satisfied, however, the Court can only release a defendant if it also "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *Id.* § 3143(a)(2)(B). The Court considers several factors in determining whether a defendant is likely to pose a danger, including "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a . . . controlled substance [or] firearm"; "the weight of the evidence

against the person"; "the history and characteristics of the person . . ."; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g). *See United States v. Davis*, No. GJH-17-0493, 2020 WL 1638687, at *2 (D. Md. Apr. 1, 2020).[2]

Mr. Marshall has pleaded guilty to a violation of 18 U.S.C. § 1594(c) and is therefore subject to detention under § 3143(a)(2) for two reasons. First, § 1594 is a provision of Chapter 77 of Part 1 of Title 18 of the U.S. Code. The definitions section of the Bail Reform Act defines "crime of violence" to include any Chapter 77 felony. 18 U.S.C. § 3156(a)(4)(C). A "crime of violence" is among the offenses enumerated at 18 U.S.C. § 3142(f)(1)(A) that trigger detention under § 3143(a)(2). Second, the crime of conviction carries a maximum sentence of life imprisonment. *See* 18 U.S.C. § 3142(f)(1)(B). Mr. Marshall has pleaded guilty and has not sought to withdraw his guilty plea, leaving no avenue for a motion for acquittal or a new trial, and the Government states that it has not recommended and has no plans to recommend a sentence that does not include prison time. ECF No. 104 at 4.

Accordingly, before even considering whether Mr. Marshall has demonstrated that he is not likely to flee and does not pose a danger under § 3143(a)(2)(B), it is plain that he cannot meet the requirements of § 3143(a)(2)(A). Even if Mr. Marshall's circumstances were such that he could meet those requirements, however, he has not demonstrated by clear and convincing evidence that his release would not pose a danger to the community. While he proposes strict conditions for his release, which he asks to serve at the home of his mother, sister, and son, he

---

[2] The Court notes the Fourth Circuit's Order in *United States v. Creek*, No. 20-4251, Doc. 18 (4th Cir. Apr. 15, 2020). The court there directed District Judges considering COVID-19-based requests for temporary release from pretrial detention under 18 U.S.C. § 3142(i) to consider the severity of the risk that COVID-19 poses to the defendant and whether that risk, balanced against other Bail Reform Act factors, rises to the level of a "compelling reason" for temporary release under § 3142(i). *See id.* While the Order in *Creek* does not explicitly apply to motions for release under other provisions of the Bail Reform Act, the Court has broadly applied the same mode of analysis in this case.

does not address the nature and circumstances of his offense of conviction, nor any of the other § 3142(g) factors. ECF No. 101 at 9–11.

Mr. Marshall has admitted to conspiracy to engage in sex trafficking of a minor, a very serious and dangerous offense involving the abuse of minor children. As the Government notes, whether an offense involves a minor is a factor that § 3142(g)(1) specifically directs courts to consider in assessing the nature and circumstances of an offense. ECF No. 104 at 5. Rather than address this topic, Mr. Marshall simply argues that his release is warranted under 18 U.S.C § 3145(c) based on COVID-19 and the conditions at the jail. ECF No. 101 at 2. § 3145(c) states that "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). The provision operates as a "safety valve to the mandatory detention rules" established by 18 U.S.C. §§ 3143(a)(2) and (b)(2). *United States v. Harris*, No. 19-356, 2020 WL 1503444, at *5 (D.D.C. Mar. 27, 2020).

The primary "condition[] of release set forth in § 3143(a)(1)," as referenced by § 3145(c), is that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." Accordingly, "to obtain release under § 3145(c) pending sentencing, a prisoner (1) must demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others; and (2) clearly show that there are 'exceptional reasons' justifying his release." *United States v. Ashley*, No. RDB-06-0034, 2020 WL 1675994, at *3 (D. Md. Apr. 6, 2020) (citing *United States v. Mahabir*, 858 F. Supp. 504, 506 (D. Md. 1994)).

"'Exceptional reasons' are those that are 'clearly out of the ordinary, uncommon, or rare.'" Memorandum Order, *United States v. Keaton*, No. 8:18-cr-00215-TDC, ECF No. 84 at 2 (D. Md. Apr. 23, 2020) (quoting *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007)). Courts have held that the risk the COVID-19 pandemic presents to persons who are incarcerated may constitute an exceptional reason justifying release pending sentencing under § 3145(c) where the remaining requirements are met. *See id.* at 2, 6–7; *see also Harris*, 2020 WL 1503444, at *5–*6 (stating that "[t]he exceptional-reasons analysis is flexible and permits courts to respond to real-world circumstances in a pragmatic and common-sense manner" and finding that "[t]he presence of COVID-19 is one such circumstance"); *United States v. Childs*, No. 8-19-cr-00181-DCC-7, 2020 WL 1910097, at *3–*4 (D.S.C. Apr. 20, 2020).

Here, however, Defendant acknowledges that he has no underlying medical conditions that heighten his risk of developing serious complications if he should contract COVID-19. *Cf. Keaton*, No. 8:18-cr-00215-TDC, ECF No. 84 at 5 (noting that the defendant's asthma and hypertension place him at high risk); *Childs*, 2020 WL 1910097, at *3 (noting that the defendant's hypertension, gout, and diabetes create "significant risk for developing serious complications if he is infected with COVID-19"). Nor does he demonstrate any other basis for a finding of exceptional reasons beyond the conditions at the facility where he is incarcerated. Notably, as the Government observes, Mr. Marshall has not set forth facts showing that any medical needs he may have will not be met while he is detained. ECF No. 104 at 8.

Of course, even if Mr. Marshall had established exceptional reasons that met the statutory requirement, he has failed to make a sufficient showing that he is not likely to flee or pose a danger to the safety of others or the community under § 3143(a), as previously discussed. Accordingly, he has failed to provide adequate grounds to justify his release under 18 U.S.C. §§

3143(a) and 3145(c). The Court thus concludes that Mr. Marshall must remain detained pending sentencing.

## III.    CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that Defendant's Motion for Release Pending Sentencing, ECF No. 101, is **DENIED**.


Date: <u>May   21 , 2020</u>                                        <u>  /s/                                        </u>
                                                                    GEORGE J. HAZEL
                                                                    United States District Judge